UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON M. BANKS,<br><br>                    Plaintiff,<br><br>         -against-<br><br>NEW YORK CITY FINANCIAL INFORMATION SERVICES AGENCY, et al.,<br><br>                    Defendants. | 1:21-CV-3198 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiff must either pay the $402 in fees that are required to file a civil action in this court or submit an amended IFP application.

To proceed with a civil action in this court, a plaintiff must either pay $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff filed an IFP application, but he has not fully completed it, and the information that he has provided in it is unclear. Plaintiff indicates in his IFP application that he is employed and that he earns $5,800 per month. (ECF 1, at 1.) He also states that he does not receive any type of government benefits and that he has $60 in a bank account. (*Id.* at 1-2.) He further states that he leases a car, but does not state the amount that he pays in monthly lease payments. (*Id.* at 2.) In addition, he states that he has federal-loan, credit-card, and other debt, but he does not state the amounts of those debts or how much he pays towards those debts on a monthly basis. (*Id.*) Finally, he alleges that he financially supports his mother, but he does not state how much money he contributes to support her.

Because of Plaintiff's failure to fully answer the questions about his financial status, the Court does not have sufficient information to make a determination concerning Plaintiff's ability to pay the fees. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402 in fees to commence this action, or complete, sign, and submit the attached amended IFP application in which he must fully disclose his financial status by clearly answering all of the application's questions. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:21-CV-3198 (LTS). If the Court finds that Plaintiff now possesses the funds to pay the fees, he may be required to do so.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: May 21, 2021
       New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                        Chief United States District Judge